**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2187

_____

UNITED STATES OF AMERICA

v.

MALIK BONDS,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:21-cr-00081-002)
District Judge: Honorable Christopher C. Conner

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 25, 2025

_____

Before: BIBAS, PHIPPS, and AMBRO, *Circuit Judges*

(Filed: March 28, 2025)

_____

OPINION[*]

_____

PHIPPS, *Circuit Judge*.

Malik Bonds was charged and convicted by a federal jury of two drug-related

offenses based on his sale of $200 worth of cocaine to a prominent drug dealer in Franklin

County, Pennsylvania, while Bonds was on parole for a state heroin distribution conviction.

As a career offender, Bonds faced a prison term of between 210 and 262 months under the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Sentencing Guidelines.[1] At the sentencing hearing, the District Court varied downward from that range and imposed a prison sentence of 156 months. Through a notice of appeal, Bonds invoked this Court's appellate jurisdiction, *see* 18 U.S.C. § 3742(a), to challenge the procedural reasonableness of that sentence, which was below the bottom of the Guidelines range by 54 months.

Bonds contends that in evaluating whether to vary his sentence, the District Court did not meaningfully consider one of the statutorily required factors – "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* § 3553(a)(6). But "[i]n some cases a brief statement will suffice" to demonstrate consideration of a § 3553(a) factor, and here, from the "record and context," the District Court exceeded that standard. *United States v. Thornhill*, 759 F.3d 299, 311, 314 (3d Cir. 2014). The District Court probed the prosecution about the discrepancy between the Guidelines range and the career-offender finding on the one hand, and the "small quantity of drugs" plus Bonds' relatively minor role in the conspiracy on the other. Sent'g Hr'g Tr. 13:3–6 (App. 39); *see id*. 17:4–8 (App. 43). And before arriving at the below-Guidelines sentence, the District Court explicitly stated that it had considered "the issue of sentencing disparities." *Id*. 17:16–17 (App. 43).[2] That suffices, and therefore we will affirm the judgment of the District Court.

---

[1] The two convictions were for the distribution of cocaine, charged under 21 U.S.C. § 841(a)(1), and for conspiracy to distribute cocaine, charged under 21 U.S.C. § 846. Because the case involved violations of federal law, the District Court had subject matter jurisdiction. *See* 18 U.S.C. § 3231.

[2] To avoid this outcome, Bonds argues that under *United States v. Ausburn*, 502 F.3d 313 (3d Cir. 2007), a more detailed explanation is required. That overreads *Ausburn*, which articulates "one concrete requirement," *viz.*, that a district court "acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis." *Id.* at 329. For the reasons above, the District Court's consideration of the sentencing disparity issue satisfies that requirement.